```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
RASHID TURNER-HAWKINS,                                                 :
                                                                       :
                              Plaintiff,                               :
                                                                       :        21 Civ. 8979 (JPC)
              -v-                                                      :
                                                                       :             ORDER
WARDEN CARTER et al.,                                                  :
                                                                       :
                              Defendants.                              :
                                                                       :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff Rashid Turner-Hawkins, proceeding *pro se*, brought this action alleging violations of his rights while confined at the Vernon C. Bain Center ("VCBC") beginning on October 5, 2021. Dkt. 3. On December 7, 2021, the Court ordered that, within thirty days of receiving from the New York City Law Department the identity and badge number of one of the individual Defendants, identified in the Complaint as "Captain John Doe," Plaintiff must amend his Complaint by naming that identified individual. Dkt. 7. The December 7, 2021 Order was served on Plaintiff by the Court the following day. On February 7, 2022, David S. Thayer of the New York City Law Department filed a letter in this case identifying the names of the three captains who supervised intake procedures at the VCB on October 5, 2021, including the times they worked that day. Dkt. 12. Mr. Thayer further represented that he served a copy of the February 7, 2022 letter on Plaintiff. *Id.*

Accordingly, on February 8, 2022, the Court ordered Plaintiff to file an amended complaint by March 7, 2022, consistent with the Court's December 7, 2021 Order. Dkt. 13. The February 8, 2022 Order was served on Plaintiff by the Court that same day. Plaintiff did not file an amended complaint, however, by the March 7, 2022 deadline. On April 5, 2022, by which date Plaintiff still

had not amended his Complaint, the Court *sua sponte* granted Plaintiff an extension of time to file an amended complaint until April 15, 2022.  Dkt. 14.  The April 5, 2022 Order expressly warned Plaintiff that failure to amend his Complaint by April 15, 2022 may result in dismissal for failure to prosecute and failure to comply with a court order.  *Id.*  The April 5, 2022 Order was served on Plaintiff by the Court on April 6, 2022.

Plaintiff still has not filed an amended complaint or sought an extension to do so.  Because Plaintiff has disregarded multiple express orders for him to amend his Complaint, and he has missed judicially-ordered deadlines to do so, the Court dismisses this case without prejudice for failure to prosecute and failure to comply with its orders.  *See* Fed R. Civ. P. 41(b); *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute . . . .").  The Clerk of Court is respectfully directed to mail this Order to the *pro se* Plaintiff, and to close this case.

    SO ORDERED.

Dated: April 26, 2022
       New York, New York

                              JOHN P. CRONAN
                            United States District Judge